**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rodney David Riggins, Appellant.

Appellate Case No. 2023-000892

———————

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-372
Submitted October 23, 2025 – Filed November 5, 2025

———————

**AFFIRMED**

———————

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Andrew Douglas Powell, both of Columbia; and Solicitor Cynthia Smith Crick, of Greenville, all for Respondent.

———————

**PER CURIAM:** Rodney David Riggins appeals his convictions for trafficking methamphetamine and possession with intent to distribute heroin and concurrent sentences of five years' imprisonment. On appeal, Riggins argued the circuit court

erred in denying his directed verdict motion because the State failed to present evidence he had dominion and control over the borrowed van in which the drugs were found or that he knew the drugs were in the van; rather, he asserts the evidence at trial only raised a suspicion of his guilt. We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to the State, we hold the circuit court did not err in denying Riggins's directed verdict motion because the evidence showed Riggins had constructive possession of the drugs found in the van. *See State v. Fennell*, 340 S.C. 266, 270, 531 S.E.2d 512, 514 (2000) ("In considering a motion for a directed verdict, the trial court is concerned with the existence or non-existence of evidence, not with its weight."); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged."); *Fennell*, 340 S.C. at 270, 531 S.E.2d at 514 ("The case should be submitted to the jury if there is any direct evidence or substantial circumstantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly or logically deduced."); *Weston*, 367 S.C. at 292, 625 S.E.2d at 648 ("When reviewing a denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); S.C. Code Ann. § 44-53-375(C) (2018) (stating a person is guilty of trafficking in methamphetamine if a person "knowingly sells, manufactures, delivers, purchases, or brings into this State, or . . . provides financial assistance or otherwise aids, abets, attempts, or conspires to sell, manufacture, deliver, purchase, or bring into this State, or . . . is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of ten grams or more of methamphetamine or cocaine base, as defined and otherwise limited in" certain statutes); S.C. Code Ann. § 44-53-370(b)(1) (Supp. 2025) (stating a "person who violates subsection (a) with respect to . . . a controlled substance classified in Schedule I (B) and (C) which is a narcotic drug or lysergic acid diethylamide (LSD) and in Schedule II which is a narcotic drug is guilty of a felony"); *State v. Stewart*, 433 S.C. 382, 387, 858 S.E.2d 808, 810 (2021) (stating that in order "to prove trafficking (when based on possession) . . . , the State must prove two elements": the defendant (1) "had either actual physical custody of the drugs, or the right or power to exercise control over the drugs" and (2) "must have knowledge of the drugs and the intent to control their disposition or use"); *id.* at 389, 858 S.E.2d at 811 ("[I]f the State presents evidence the defendant had control over the property on which the drugs were located, then the trial court should deny a directed verdict motion. But, the existence of evidence the defendant had control over the property does not equate to a finding of constructive possession. It remains the burden of

the State to convince the jury the defendant had the requisite knowledge and intent.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and VINSON and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.